**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**
**CENTRAL ISLIP DIVISION**

| | |
|---|---|
| KONSTANTINOS PAPANIKOLAOU,<br><br>Plaintiff,<br>v.<br><br>G.P.K. RESTAURANT ENTERPRISES CORP. d/b/a SEVEN SEAS RESTAURANT, G.P.K. RESTAURANT ENTERPRISES CORP. d/b/a PAROS GRILLE, and DEMETRIOS TSOLIS,<br><br>Defendants. | Case No.: 2:26-cv-00532<br><br>**CLASS & COLLECTIVE ACTION COMPLAINT WITH**<br>**<u>DEMAND FOR JURY TRIAL</u>** |

Plaintiff Konstantinos Papanikolaou (hereinafter "Plaintiff") on behalf of himself and others similarly situated, by and through his attorneys, Sage Legal LLC, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Complaint against Defendants G.P.K. Restaurant Enterprises Corp. d/b/a Seven Seas Restaurant ("Seven Seas"), G.P.K. Restaurant Enterprises Corp. d/b/a Paros Grille ("Paros") (Seven Seas and Paros collectively hereinafter the "Corporate Defendants") and Demetrios Tsolis (hereinafter "Demetrios" or the "Individual Defendant") (the Corporate Defendants and the Individual Defendant collectively hereinafter the "Defendants") and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this lawsuit seeking recovery against Defendants for their violation of the Fair Labor Standards Act, as amended (hereinafter the "FLSA"), 29 U.S.C. §201 *et seq.* and the New York Labor Law (hereinafter the "NYLL").

2. During the course of the last six (6) years, the Defendants carried out an unlawful payroll policy and practice by failing to pay Plaintiff and all others similarly situated for all hours worked including overtime compensation as required by federal and state law.

3. Plaintiff has therefore initiated this action on behalf of himself and others similarly situated to recover unpaid wages and overtime compensation he has been deprived of, plus interest (pre-judgment and post-judgment), liquidated damages, attorneys' fees, and costs.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) as a federal question exists under the FLSA.

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district since the Corporate Defendants operate a restaurant within this district.

6. At all times material hereto, Plaintiff performed non-exempt duties for the benefit of Defendants in New York including the village of Great Neck within the County of Nassau.

7. At all times relevant, Defendants are covered as an enterprise under the FLSA because it generated at least $500,000.00 in annual revenues in each year over the last three (3) years and engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s).

8. Plaintiff falls within the protections of the FLSA because he directly engaged in interstate commerce by working with food, supplies, and equipment that moved in interstate commerce.

## PARTIES

9. Plaintiff is an adult individual who is and was a resident of Queens County within the State of New York.

9. Plaintiff was employed by Defendants in the State of New York during the period of in or about April 2015 through February 4, 2023 at Seven Seas when it closed for renovations.

10. Plaintiff was employed by Defendants in the State of New York during the period of about November 20, 2023 through May 25, 2024 at Paros when the restaurant reopened following renovations.

11. The Corporate Defendants are a single business entity formed under the laws of New York with a primary office located at 607 Northern Boulevard, Great Neck, NY 11021 while Defendants Demetrios and non-party Peter Tsolis are corporate officers of the Corporate Defendant who exercise sufficient control over its business.

12. At all times relevant, Defendants employed Plaintiff to perform work on behalf of Defendants within the State of New York at 607 Northern Boulevard, Great Neck, NY 11021.

13. At all times relevant, the Corporate Defendants consisted of the same corporate entity, with Seven Seas as the predecessor, and Paros as the successor.

14. At all times relevant, the Individual Defendant had operational control over the Corporate Defendants.

15. The Individual Defendant had the power to and exercised the power to hire, fire, set the schedules, wages, and terms and conditions of employment of employees at the restaurant, including the Plaintiff.

16. For example, the Individual Defendant set Plaintiff's schedule, paid Plaintiff, and set the terms and conditions of Plaintiff's employment at the restaurant.

## STATEMENT OF FACTS

17. Based upon the information preliminarily available, and subject to discovery in this cause, Defendants did not properly compensate Plaintiff and others similarly situated for all hours worked, including for all overtime hours they worked for every workweek.

18. Plaintiff began working for Defendants in or about 2015 as a server and worked his way up the ranks at Seven Seas.

19. While employed, Plaintiff typically and customarily performed compensable duties for the benefit of Defendants and their customers.

20. At Seven Seas, Plaintiff's work schedule was five (5) days a week, typically Wednesday to Sunday, from 11:00 AM until 8:00 PM every day, except that often, Plaintiff worked until 9:00 PM or 9:30 PM, for a total of anywhere between forty-five (45) to fifty-two-and-a-half (52.5) hours per week from the beginning of his employment until 2022.

21. Beginning in 2022 until February 4, 2023 when Seven Seas closed for renovations, Plaintiff's work schedule at Seven Sea was six (6) days a week, from 11:00 AM until 8:00 PM every day, except that often, Plaintiff worked until 9:00 PM or 9:30 PM, for a total of anywhere between fifty-four (54) to sixty-three (63) hours per week.

22. At Paros, Plaintiff's work schedule was every day, with Sunday through Thursday from 11:00 AM to 10:00 PM, and Friday through Saturday from 11:00 AM to 11:00 PM, except that often, Plaintiff worked until 11:00 PM or 12:00 AM for an extra hour due to closing duties, for a total of anywhere between seventy-nine (79) to eighty-six (86) hours per week, from the beginning of his employment until March 2024.

23. Beginning in April 2024, Plaintiff's work schedule was every day, with Sunday through Thursday from 3:00 PM to 10:00 PM, and Friday through Saturday from 3:00PM to 11:00PM, except that often, Plaintiff worked until 11:00 PM or 12:00 AM for an extra hour due to closing duties, for a total of anywhere between fifty-one (51) to fifty-eight (58) hours per week.

24. During the relevant period, Defendants failed to pay Plaintiff the proper minimum wages and compensation under the law by failing to pay him both an hourly wage that was equal

to or greater than the minimum wage and Plaintiff's regular rate of pay for all time spent performing labor in excess of forty (40) hours of his regular workweek.

25. On July 14, 2023, Plaintiff acquired ten percent (10%) of the Corporate Defendants' shares, consisting of five percent (5%) from the Individual Defendant and five percent (5%) from non-party Peter Tsolis,[1] for a total purchase price of $100,000.00.

26. Pursuant to the terms of the contract and the shareholder agreement, Plaintiff was to be appointed as a director, partner, and shareholder of the Corporate Defendant.

27. However, despite these contractual obligations, the Individual Defendant and non-party Peter Tsolis willfully disregarded these terms, resulting in Plaintiff never being placed in the position to which he was rightfully entitled and thus, remained an employee of the Defendants.

28. At all times relevant, Defendants have actual or constructive knowledge and otherwise suffered or permitted Plaintiff to perform compensable work duties for more than forty (40) hours per week.

29. At all times relevant, Defendants had actual knowledge that it was obligated under the FLSA and NYLL to track and record Plaintiff's compensable hours accurately and with precision.

30. At all times relevant, Defendants had actual knowledge that they were obligated to pay Plaintiff all wages due and owing for all hours Plaintiff worked each week and to pay Plaintiff overtime wages at the time one-and-one-half (1.5) rate for overtime Plaintiff worked in excess of forty (40) hours each week.

---

[1] Peter Tsolis has filed a bankruptcy petition with the United States Bankruptcy Court for the Eastern District of New York on July 9, 2025. See Case No.: 1-25-43269-ess. On September 5, 2025, a motion was made to convert the petition from a Chapter 13 to a Chapter 11 case. See Id., ECF Docket Entry 24. The motion remains sub judice. Plaintiff reserves all rights as to non-party Peter Tsolis.

31. Plaintiff was then relieved from his employment with Defendants despite not receiving the amount equal to or greater than the prescribed minimum wage and proper compensation for his overtime hours worked and having his complaints concerning same fall on deaf ears.

32. At all times during his employment for Defendants, Plaintiff was an exemplary employee who never received any citation or negative feedback regarding his work performance.

33. Upon information and belief, Defendants at all times during the relevant time period willfully failed to keep accurate payroll records as required by the FLSA.

34. As a result of Defendants' violation and failure to pay proper wages and overtime compensation, Plaintiff suffered concrete harm resulting from Plaintiff's lack of pay that he should have received for his regular hours and overtime hours in compliance with the FLSA.

35. Furthermore, Defendants' willful failure to keep accurate records of Plaintiff's hours worked prevented Plaintiff from being able to calculate his hours work and determine if he was being paid time-and-a-half in accordance with the FLSA.

36. As a result of these violations of Federal labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount to be determined at trial.

37. Plaintiff also seeks interest, attorney's fees, costs, and all other legal and equitable remedies this Court deems appropriate.

38. Critically, Defendants' wage violations are willful as Seven Seas was previously sued by the United States Department of Labor in 2013, which case resulted in a consent judgment against Seven Seas, the Individual Defendant, and non-party Peter Tsolis. See Case No.: 2:13-cv-6405 (LDW) (GXB).

39. As such, Plaintiff is entitled to a three (3) year statute of limitations for his FLSA claims and Defendants cannot avail themselves of any good faith defense.

## FLSA COLLECTIVE ACTION ALLEGATIONS

40. Plaintiff brings this action individually and as representatives on behalf of all their current and former non-exempt employees who have been or were employed by Defendants within the statutory period of three (3) years (the "Collective Action Period"), and who were compensated at rates less than the statutory rate of time and one-half, for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

41. The collective action class is so numerous that joinder of all members is impracticable.

42. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there are approximately sixty (60) Collective Action Members who worked for the Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.

43. Therefore, Plaintiff respectfully submits that this matter should be certified as a collective action under the FLSA 29 U.S.C. § 216(b).

44. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation.

45. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

46. This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

47. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

48. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them.

49. There will be no difficulty in the management of this action as a collective action.

50. Questions of law and fact common to the members of the collection action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members.

51. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

a. Whether the Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

b. Whether the Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiff and the Collective Action Members;

c. What proof of hours worked is sufficient where the employer fails in its duty to maintain wage and hour records;

d. Whether the Defendants failed to pay Plaintiff and the Collective Action Members minimum wages for all hours worked in violation of the FLSA and the regulations promulgated thereunder;

e. Whether the Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation for all hours worked in excess of forty (40) hours per workweek in violation of the FLSA and the regulations promulgated thereunder;

f. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to, compensatory, liquidated and statutory damages, interest, costs and disbursements, and attorney's fees.

52. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

53. Plaintiff and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## CLASS ACTION ALLEGATIONS

54. Plaintiff brings this case pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule") against Defendants for violation of NYLL.

55. Because the proposed class consists of numerous persons, joinder of all members is impracticable.

56. Questions of law and fact common to the Class Members as a whole include, but are not limited to, the following:

a. Whether Class Members were allowed to report and be paid for the time they spent for the benefit of Defendants and their clients;

b. Whether Defendants unlawfully, and as a practice common to Plaintiff and the Class Members, failed to pay minimum wage compensation which was due to be paid under the NYLL;

c. Whether Plaintiff and the Class Members are entitled to minimum wage compensation for the hours they performed work duties for Defendants under minimum wage pay requirements of the NYLL;

d. Whether Defendants' policies and practices of instructing the Class Members to not record their work hours violates the applicable provisions of the NYLL;

e. Whether Defendants' policies and practices of failing to compensate Class Members for all hours worked was inequitable as further described in the Class Action Complaint.

57. Plaintiff's claims are typical of those of the Class Members. Like all Class Members, Plaintiff was subject to Defendants' policy and/or practice of failing to pay minimum wage for each and every hour worked by the Class Members for the time spent working in a day. Thus, each Class Members' claim arises from the same policy or practice. Similarly, Defendants' defenses to Plaintiff's claims will be typical of the defenses to the claims of the Class Members.

58. Plaintiff will fairly and adequately represent and protect the interests of the Class Members because they worked under the same pay practices and was deprived of the same minimum wage pay as the other Class Members.

59. Plaintiff had retained counsel competent and experienced in class actions and, in particular, wage and hour cases. Counsel will fairly and adequately represent and protect the interests of the Class Members.

60. Class treatment of the minimum wage issue is appropriate because the questions of law or fact common to the Class Members predominate over any questions affecting only individual members.

61. Adjudication of the scope of the NYLL in one proceeding prevents inconsistent adjudications on the merits.

62. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

63. In not paying for the time identified in this pleading, Defendants have acted on grounds that apply generally to the class so that injunctive or declaratory relief would be appropriate for the Class Members.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE FLSA: UNPAID WAGES AND OVERTIME

64. Plaintiff, on behalf of himself and the Collective Action Members, re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above.

65. Defendants knowingly and willfully failed to pay Plaintiff the minimum wage for the actual hours that he worked and the proper compensation corresponding to the overtime hours of work.

66. Plaintiff is entitled to compensation for each of his overtime hours worked each work week.

67. The overtime provisions set forth in the FLSA, 29 U.S.C. §§ 201, *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff and the Collective Action Members.

68. Similarly, Defendants are liable for the Plaintiff for associated damages pursuant to 29 U.S.C. § 206(a)(1) and the NYLL.

69. Defendants have failed to pay Plaintiff and the Collective Action Members overtime for hours that they worked in excess of forty (40) hours in a workweek.

70. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

71. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 225.

72. Because Defendants' violations of the Act were not the product of objective good faith or otherwise objectively excusable, Plaintiff is entitled to liquidated damages.

73. As a result of Defendants' unlawful acts, Plaintiff and the Collective Action Members have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to the FLSA.

**COUNT II**
**VIOLATION OF THE NYLL: UNPAID WAGES AND OVERTIME**

74. Plaintiff, on behalf of himself and the Class, re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above.

75. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

76. Defendants failed to pay Plaintiff's overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3, *et seq*.

77. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendant, his unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

78. Similarly, Defendants are liable to the Plaintiff for associated damages pursuant to 29 U.S.C. § 206(a)(1) and under the NYLL.

**COUNT III**
**VIOLATION OF THE NYLL: NOTICES OF PAY RATE**

79. Plaintiff, on behalf of himself and the Class, hereby repeats and realleges the foregoing allegations as if set forth fully herein.

80. During the full statutory period, Plaintiff and the Class were protected by the provisions of the NYLL, N.Y. Lab. Law §§ 190, *et seq*., as well as all applicable regulations thereunder.

81. The NYLL requires covered employers, including Defendants, to provide employees, "at the time of hiring, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances . . . ; the regular pay day designated by the employer; the name of the employer; any 'doing business as' names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of

the employer; plus such other information as the commissioner deems material and necessary," which is commonly referred to as a Notice of Pay Rate.

82. Plaintiff and the Class were not exempt from the requirement that Defendants provide them with Notices of Pay Rate.

83. Throughout the full statute of limitations period, Defendants have engaged in a policy and practice of unlawfully failing to provide Notices of Pay Rate to Plaintiff and the Class.

84. As a result of Defendants' failure to provide Notices of Pay Rate to Plaintiff and the Class, Defendants have violated, *inter alia*, NYLL § 195.

85. Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to provide proper notices to Plaintiff and the Class in accordance with the NYLL.

86. Defendants' violations of the NYLL have significantly damaged Plaintiff and the Class and entitle them to recover damages to the greatest extent permitted by law, including, *inter alia*, $50 for each workday the violation occurred, not to exceed $5,000, plus attorneys' fees and costs.

**COUNT IV**
**VIOLATION OF THE NYLL: INACCURATE WAGE STATEMENTS**

87. Plaintiff, on behalf of himself and the Class, hereby repeats and realleges the foregoing allegations as if set forth fully herein.

88. During the full statutory period, Plaintiff and the Class were protected by the provisions of the NYLL, N.Y. Lab. Law §§ 190, *et seq.*, as well as all applicable regulations thereunder.

89. The NYLL requires covered employers, including Defendants, to "furnish each employee with a statement with every payment of wages, listing the following: the dates of work

covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage . . . ; and net wages."

90. Plaintiff and the Class were not exempt from the requirement that Defendants provide them with accurate wage statements.

91. Throughout the full statute of limitations period, Defendants have engaged in a policy and practice of unlawfully failing to furnish accurate wage statements to Plaintiff and the Class.

92. As a result of Defendants' failure to furnish accurate wage statements to Plaintiff and the Class, Defendants have violated, *inter alia*, NYLL § 195.

93. Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to furnish proper wage statements to Plaintiff and the Class in accordance with the NYLL.

94. Defendants' violations of the NYLL have significantly damaged Plaintiff and the Class and entitle them to recover damages to the greatest extent permitted by law, including, *inter alia*, $250 for each workday the violation occurred, not to exceed $5,000, plus attorneys' fees and costs.

**COUNT V**
**VIOLATION OF THE NYLL: SPREAD OF HOURS COMPENSATION**

95. Plaintiff, on behalf of himself and the Class, repeats and restates the allegations contained in the prior paragraphs of this complaint as if set forth more fully herein.

96. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in

violation of the New York Minimum Wage Act and its implementing regulations. NYLL §§ 650 et seq.; 12 N.Y. C. R. R. § 142-2.4.

97. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants their unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to NYLL § 663 (1).

**COUNT VI**
**VIOLATION OF THE NYLL: RECORDKEEPING REQUIREMENTS**

98. Plaintiff, on behalf of himself and the Class, repeats and restates the allegations contained in the prior paragraphs of this complaint as if set forth more fully herein.

99. Defendants failed to provide Plaintiff with a written notice of her rate of pay, regular pay day, and such other information as required by NYLL §195(1).

100. Defendants are liable to Plaintiff in the amount of $5,000.00 together with costs and attorneys' fees.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff on behalf of himself, the Collective Action Members, and the Class, respectfully requests that this Court grant the following relief:

A. Against Defendants in an amount to be determined at trial, plus liquidated damages as permitted under the FLSA and the NYLL in the amount equal to the amount of unpaid wages, interest (pre-judgment and post-judgment), attorneys' fees and costs; and

B. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

C. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

D. Designation of Plaintiff as Representative of the Collective Action Members and the Class;

E. Such other injunctive and equitable relief as this Court shall deem just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b), Plaintiff respectfully demands a trial by jury on all questions of fact raised by the complaint.

Dated: Flushing, New York
January 30, 2026

**SAGE LEGAL LLC**

*_/s/ Emanuel Kataev, Esq.___*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiff*
*Konstantinos Papanikolaou*
*and all others similarly situated*